IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DEREK B. WYNN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| V. | ) Civil No. **08-644-DRH** |
| | ) |
| **CLINTON A. RONCHETTO, et al.**, | ) |
| | ) |
| Defendants. | ) |

## ORDER

**PROUD, Magistrate Judge:**

Before the Court is plaintiff's motion to compel the deposition testimony of Deborah K. Vigiano, who previously appeared for deposition pursuant to a subpoena, but invoked her Fifth Amendment privilege against self-incrimination. **(Doc. 18).** Although plaintiff's counsel certified that a copy of the subject motion was served upon counsel for Ms. Vigiano, no response to the motion has been filed. None of the defendants in this action have filed a response.

A transcript of the March 20, 2009, deposition establishes that Deborah K. Vigiano did invoke the Fifth Amendment in response to all questions posed to her. **(Doc. 18-3).** Plaintiff argues that Vigiano's refusal to testify was unjustified because on April 2, 2008, Circuit Judge John Speroni, of the First Judicial Circuit, Williamson County, Illinois, on motion of the Williamson County State's Attorney, granted Ms. Vigiano "immunity from prosecution in a criminal case" and directed her to testify before the County Grand Jury investigating criminal matters against Kyle A. Rinella, Kyle Murray, Clinton Ronchetto and Michael Carruthers. The Grand Jury investigation was purportedly investigating the same August 13, 2007, alleged

1

beating that is the subject of this civil action.[1] According to Judge Speroni's order:

> [T]he testimony and production of evidence so compelled ... and any information directly or indirectly derived from it, may not be used against Debbie Vigiano in a criminal case, except for prosecution for perjury, false swearing or an offense involving a failure to comply with this Order. The immunity granted under this Order does not bar prosecution of Debbie Vigiano, except as specifically provided in this Order.

**(Doc. 18-4).**

The Fifth Amendment to the Constitution affords protection against compelled self-incrimination, meaning that the government cannot compel a person to make a statement that might be used as evidence that the he or she had committed a crime. ***See Atwell v. Lisle Park District*, 286 F.3d 987, 990 (7th Cir. 2002).** Nevertheless, if a grant of "use and derivative use" immunity from criminal prosecution– coextensive with the scope of the privilege– removes the danger of prosecution, testimony may be compelled. ***See Kastigar v. United States*, 406 U.S. 441, 453 (1972).**

Although Vigiano has not filed a response, the Court notes that Judge Speroni specifically cited 725 ILCS 5/106-2.5(b) and (c) in his order. Section 106-2.5 pertains to "use immunity." "Use immunity" does not act as a complete bar to prosecution; rather the witness's compelled testimony or leads derived therefrom may not be used to prosecute the witness. In contrast, 725 ILCS 5/106-1 and 5/106-2 provide for "transaction immunity," which is an absolute bar to prosecution for any offense to which the testimony may relate. ***See People ex rel. Cruz v. Fitzgerald*, 363 N.E.2d 835, 836-837 (Ill. 1977); *People v. Ousley*, 892 N.E.2d 45, 47 fn1 (Ill.App. 4th Dist. 2008).** The Fifth Amendment privilege is only supplanted to the extent of

---

[1] Only Rinella, Ronchetto and Murray are defendants in the civil action.

the immunity.  ***Kastigar v. United States***, 406 U.S. 441, 448-451 (1972); ***In re Corrugated Container Antitrust Litigation***, 661 F.2d 1145 (7th Cir. 1981), *aff'd sub nom. Pillsbury Co. v. Conboy*, 459 U.S. 248(1983) **(grant of "use immunity" did not preclude assertion of Fifth Amendment privilege, even when the deposition was to mirror grand jury questioning, and regardless of likelihood of prosecution, absent a new and separate grant of immunity for the deposition testimony).**  Plaintiff's motion appears to be based on the mistaken belief that Vigiano was granted "transaction immunity," which is not the case.

**IT IS HEREBY ORDERED** that, based on the information before the Court, plaintiff's motion to compel **(Doc. 18)** is **DENIED** in all respects.

**IT IS SO ORDERED.**

**DATED:  April 29, 2009**

s/ Clifford J. Proud
**CLIFFORD J. PROUD**
**U. S. MAGISTRATE JUDGE**
